Appendix

Exhibit A    Affidavit of David R. Dow
Exhibit B    Notice of Clerk of the Southern District
Exhibit C    Attorney Admissions Email, March 19, 2015



Exhibit A

STATE OF TEXAS        )
                      )
COUNTY OF HARRIS      )

### Affidavit of David R. Dow

1.   My name is David R. Dow.  I am over the age of eighteen years and am otherwise competent to give this affidavit.

2.   I am an attorney licensed to practice law in the State of Texas, the United States District Courts for the Southern, Eastern, Western, and Northern Districts of Texas, the United States Court of Appeals for the Fifth Circuit, and the Supreme Court of the United States.

3.   I am presently the Cullen Professor at the University of Houston Law Center and the Rorschach Visiting Professor of History at Rice University.  I am also the director of the Texas Innocence Network (which is housed at the Law Center and operates with the assistance of law student interns).

4.   Over the past twenty-five years, I have represented numerous death row inmates at every stage of the appellate process, including direct appeal, and state and federal habeas corpus proceedings.

5.   I currently serve as lead or co-counsel in seventeen cases currently pending in the federal courts.  In most of these cases I am appointed pursuant to 18 U.S.C. section 3599.  In the others, I am pro bono counsel.

6.   Each of the four federal judicial districts in Texas (i.e., northern, southern, eastern, and western) has local rules pertaining to so-called reciprocal suspension.  These rules require lawyers who have been suspended to report that suspension to the federal court. Although I believe that the reciprocal discipline rules anticipate a sanction imposed by the State Bar, or the Texas Supreme Court, and not a unilateral act of a single court, I nevertheless took steps to notify each of the districts of the CCA's action suspending me from appearing before it for a period of one year (which commenced on January 14, 2015).

7.   As of the date of this Affidavit, three of the federal districts have not reached a decision on whether to impose reciprocal discipline.  Two (the Northern and Western Districts) have indicated they intend to hold the matter in abeyance until the matter is resolved in the state courts.  The Eastern District has not communicated any decision. .

8.   However, the clerk from the Southern District of Texas has notified me that I have been suspended in that district, and the clerk has terminated my filing privileges in that court. In addition, because my electronic privileges have been terminated, I no longer receive electronic notices from the courts -- and therefore do not receive, inter alia, notices of judgments, copies of motions, and the like.

9. I am counsel of record in four cases that are currently pending in the Southern district: Hartfield v. Osborne, No. 4:14-cv-03120; Pruett v. Stephens, No. 2:06-cv-00465; Ramey v. Stephens, No. 6:13-cv-00043; and Sorto v. Stephens, No. 4:10-cv-00613. Notably, one of these four clients (Pruett) is scheduled to be executed on April 28, 2015, and I have not been receiving electronic notification of matters connected to the Pruett litigation.

10. I have petitioned the Southern District for reinstatement, but the court has yet to issue a ruling on the petition.

11. By delaying the notice I receive of judicial actions in my cases, including the Pruett case, which involves an impending execution date, the clerk's action has already interfered with my representation of my clients. It has therefore also caused injury to my clients, by creating an impediment to my learning immediately of developments in the cases, which in turn shortens the amount of time I am able to work on the cases.

12. In addition, even if the Southern District were to withdraw the reciprocal discipline, and even if the other three districts take no action, the sanction imposed by the CCA will still affect my ability to represent my clients as required by federal law, for the following reason: Because most claims raised to a federal court in habeas proceedings must first be presented to the state courts, providing proper representation to my federal court clients often necessitates that I present their claims to the CCA, if they have not already been so presented. However, the sanction creates a barrier to my returning to state court, as federal law requires me to do, and the sanction therefore interferes with my obligation to represent my clients, and accordingly causes injury to my clients as well.

13. Under federal law, appointment pursuant to section 3599 requires that counsel not only represent their clients in pending federal habeas corpus proceedings, but also that they continue to represent them in any available subsequent proceedings. These subsequent proceedings include, for example, clemency proceedings, and they also (and frequently) involve a return to state court.

14. With respect to cases where I am appointed counsel, locating new counsel to represent these clients in the federal habeas posture would be both difficult and burdensome. Federal habeas work is inherently enormously time-consuming, and the burden that would placed on a lawyer who is forced to enter an already-developed case would be so substantial that locating lawyers willing to do so would create a significant challenge. Further, in cases where my representation is pro bono, the certainty that new counsel would not be compensated would make this challenge even greater. Even if new counsel could be recruited, their unfamiliarity with the specific cases would cause a significant risk of injury to my clients, and if new counsel could not be recruited, the injury to my clients would be certain.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___16th___ day of ___March___, 2015.

Signed and sworn before me this ___16th___ day of ___March___, 2015.

_____
Notary Public, State of Texas

JEFFREY ROBERT NEWBERRY
Notary Public, State of Texas
Commission Expires 04-04-2015


Exhibit B

# United States District Court
## Southern District of Texas

David R. Dow
UH Law Center
100 Law Center
Houston, TX 77204

## Suspension

Thank you for notifying the Court of the suspension you received from the Texas Court of Criminal Appeals.

A lawyer suspended or disbarred by another court in the United States shall immediately cease to practice before this court. Rule 3, Local Disciplinary Rules.

The electronic-filing account in your name with this court has been closed.

You may petition the court for reinstatement. Rule 6, Local Disciplinary Rules.

David J. Bradley
Clerk of Court

Date: February 6, 2015

By: _____
Claire Cassady, Deputy Clerk



Exhibit C



| | |
|---|---|
| **Houston-Atty-Adm/TXSD/05/USCOURTS**<br><br>03/19/2015 12:20 PM | To:   ddow@uh.edu<br>cc:<br>Subject :   Membership in the Southern District of Texas<br>----------<br>Sent by: Claire Cassady/TXSD/05/USCOURTS |

Mr. Dow:

The Attorney Admissions Committee has recommended that your petition for reinstatement with the Southern District of Texas be approved.  The Court has accepted the Committee's recommendation and the suspension of your membership to the Southern District of Texas has been lifted.

Your CM/ECF login has been reinstated.  Your login is:  drdow   Your password has been reset to: SDtx0319

Our records show that your membership to the Southern District of Texas expired on August 21, 2012. To be reinstated, please log in to your DISTRICT CM/ECF account and follow the directions below:

From the blue ribbon across the top of the page, choose Civil.  Under the Other Filings group, choose Admissions.

Choose Request for Renewal After Expiration.

Your attorney's Admission case number is:  4:00-mc-27991

You must attach a brief letter explaining the lapse in membership and requesting reinstatement.  Your letter will be reviewed and you will be notified of the decision and provided further instructions, if necessary.

Please continue through all the screens, including the payment screen ($25 renewal fee), until you receive the Notice of Electronic Filing that indicates your renewal request has been docketed.

Please let me know if you have any questions.

Thank you,
Attorney Admissions
United States District Court
Southern District of Texas